REQUESTED BY: Guy G. Curtis, Chase County Attorney, Imperial, Nebraska.
1. Does the board of trustees of a county hospital established under section 23-343 have authority to expend hospital funds for physician recruitment, including expenses for bringing a prospective physician to the community to see the hospital, for distributing literature, and for paying expenses of local representatives traveling for such recruitment?
2. Does the board of trustees of a county hospital established under section 23-343 have authority to expend hospital funds to provide scholarships for student nurses?
3. Does the board of trustees of a county hospital established under section 23-343 have authority to loan hospital funds to student nurses with a provision that they have to pay the loan back only if the student does not return to the hospital to work?
1. No, except the county board may pay necessary mileage for members of the board of trustees traveling to recruit staff members.
2. No.
3. No.
The Legislature has given the board of trustees of a county hospital established under section 23-343 powers which directly affect the success of that board in recruiting medical personnel. They include the power to appoint its administrators and fix their compensation, to pay the salaries of all employees of the hospital, to establish and fund a retirement plan for the benefit of its full-time employees and to carry out in general the spirit and intent of sections 23-343 to 23-343.09 in establishing and maintaining their hospital. See, sections 23-343 to 23-343.06 and23-343.121, as amended.
The Legislature has recognized that medical manpower shortages exist in certain rural areas and has made financial assistance available under certain conditions to medical students likely to practice in medical shortage areas. This program is administered by the Commission on Rural Health Manpower with such assistance from the Department of Health as may be needed. See, sections 71-5601 to 71-5645, as amended. The Legislature has set up grants which are available under certain conditions to students enrolled in full-time professional or practical nursing programs. This program is administered by the Commissioner of Education. See, sections 71-132.44 to 71-1,132.46, R.R.S. 1943.
These facts may support a conclusion that such benefits to individuals fulfill a `public purpose' so offering them does not violate Article XIII, section 3, of the Nebraska Constitution which provides that the credit of the state shall never be given or loaned in aid of any individual. See, Attorney General Opinions No. 266 (November 18, 1976) and No. 28 (February 23, 1977), State ex rel. Douglas v.Nebraska Mortgage Finance Fund, 204 Neb. 445, 283 N.W.2d 12
(1979), and State ex rel. Douglas v. Thone, 204 Neb. 836, ___ N.W.2d ___ (1979).
However, the Legislature has not expressly authorized the board of trustees of a county hospital to recruit physicians to work in their hospital by paying the expenses of such physicians to visit the hospital and community or to recruit nurses to work in their hospital by offering student nurses scholarships or loans which will be canceled if the nurse works in their hospital after graduation. The Legislature also has not expressly authorized the board of trustees of a county hospital to pay the expenses for a member of the community to visit medical personnel to induce them to work in their hospital, but it has expressly authorized the county board to pay the necessary mileage at the rate of sixteen cents per mile of members of the board of trustees while on business of the hospital. See, section 23-343.02, R.S.Supp., 1978.
Shortly after sections 23-343 to 23-343.09 were enacted, we advised a county attorney:
 "The statutory provisions concerning county hospitals is a special act, and the authority of the board of trustees must be found in the act for beyond those acts and duties provided in the act itself, the board of trustees is powerless."
1947-1948 Report of the Attorney General at 309.
We have concluded that the board of trustees of a county hospital does not now have authority to offer prospective medical personnel the inducements proposed. The only expenses allowable on a trip to recruit staff are those payable to members of the board of trustees for mileage.